Ruffin, C. J.
 

 The judgment, in the opinion of the court, ought to be affirmed. We do not think the period, at which the motion was made, material; for the motion would have been properly refused, no matter at what time it might have been made. We suppose it to have been founded on the act of 1826; which provides, that “ if any suit shall be commenced in any County Court for any sum of less value than $ 100 due by bond, promissory note, or liquidated account, signed by the party to be charged thereby, the same shall be dismissed by the court.” Here the plaintiff’s demand was not due by bond, promissory note, nor even liquidated account. It does not appear in the paper, from whom the defendant received the bacon and lard, nor the price of the latter, nor whether they were received as a payment to Tabor or on a purchase by him. The instrument is so imperfect as not to constitute, in itself, a cause of action, or amount to plenary evidence in this action of assumpsit, without the aid of other evidence, to supply its defects. It does not purport to be a liquidated account, at least, between these parties. Therefore, the County Court had jurisdiction, and if the objection had been taken by plea in abatement, the plaintiff would have been entitled to judgment.
 

 But if that had been otherwise, the defendant could only have taken advantage of the want of jurisdiction in the County Court by plea of abatement, and not on a motion to non-suit the plaintiff, or, as it is called, dismiss his suit. The case is precisely that of
 
 Clark
 
 v.
 
 Cameron,
 
 4 Ired. 161; in which we held, that under the act of 1826 a plea in abatement is the only method by which the want of jurisdiction in the County Court can be insisted on, unless the suit be “ commenced
 
 ”
 
 for less than $5100; that is, unless the plaintiff demand less than that sum in his declaration. The common law requires a plea to the jurisdiction, so as to shew that the defendant objects to it and declines going into the merits by an issue to a
 
 *233
 
 jury. Our statutes have enacted two exceptions to the rule. One is, that if it appear in the declaration, in a suit brought to the County Court, that it has been “commenced” for less than $ 100, the court shall “ dismiss ” it; which, we suppose, means, shall give judgment against the plaintiff for the costs, as upon a non-suit. The other is, that if the plaintiff demand in his declaration a greater sum than f 100, but recover less than that sum, “the verdict shall be set aside, and the plaintiff shall be non-suited, and pay costs.” But this lastis expressly confined to the Superior Courts, Rev. St. c. 31, s. 42; and does not, therefore, embrace this action,- which was brought in the County Court.
 

 Per Curiakí,- judgment affirmed.